## Williamson v. Bently.

(Decided March 27, 1914.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Personal Injuries—Verdict—Evidence—Sufficiency.—In an action by a servant against his master for damages for personal injuries, evidence examined, and held that a verdict in his favor was not flagrantly against the evidence.

2. Verdict—Evidence—Sufficiency.—The finding of the jury on questions of fact will not be disturbed unless palpably or flagrantly against the evidence.

FOGG & KIRK for appellant.

STRATTON & STEPHENSON and ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries against defendant, Rush Williamson, plaintiff, Henry Bently, recovered a verdict and judgment for $1,500. Defendant appeals.

During the year 1910, defendant was engaged in the timber business on Bent Branch, a tributary of Tug river, in Pike County, Kentucky. In the course of the business, it became necessary to construct along the creek a tram road, which was used in hauling the timber to market. The tram road was built on about the same grade as the creek. The track consisted of wooden ties and rails, over which trucks were run. The road bed on which the tracks were laid was down grade in some places, and the track was curved at various places. To haul the timber trucks were used, which consisted of a wooden frame and four cast iron wheels at each end. The trucks were drawn by mules. To check the trucks a brake stick was used. The method of using the brake stick was to place it under the sand board of the trucks, and bear down on the wheels. Plaintiff had been working for defendant only three or four days, but had had other experience in logging work. He was a day laborer, and was paid one dollar a day and his board. On the occasion of his injury he was engaged in trucking. Another employee by the name of Mat Judge was engaged in the

same work. Just prior to the accident Mat Judge broke his single tree. He suggested that on the next trip the two trucks be fastened together, and that he drive the mules. Plaintiff assented to this arrangement. On the rear trucks were placed two logs, one longer than the other. Judge took his place in front, and drove the mules. Plaintiff stood on the rear truck. The truck on which plaintiff was riding was wrecked. Plaintiff either fell or jumped from the truck. A large log fell on his foot and mashed it. His injuries were so severe that amputation became necessary.

According to the evidence for plaintiff, the wreck took place at a curve in the track. The proper construction of a tram road requires that the outer rail on a curve be elevated above the inner rail. At the place where the accident occurred, the rails were of the same height. There was also evidence to the effect that the trucks were not square, and were out of plumb. Defendant's foreman said that they should be re-stalked. William Star, who reached the place of accident about ten minutes after plaintiff was injured, says that the point where the trucks were wrecked was on a very stiff curve. Several witnesses testified that it was dangerous to operate a tram road around sharp bends or curves on two rails of the same elevation.

For the defendant Mat Judge testified that the wreck took place on a straight track. He warned plaintiff not to use his brake stick. Notwithstanding this fact, plaintiff did use it, and by using it improperly caused the wreck. Two or three witnesses testified that the tram road was properly constructed, and that the tracks were in good condition. At all curves the outer rail was elevated above the inner rail. Four or five witnesses, who reached the place of accident shortly after the wreck, testified that the wreck occurred between two curves, and at a point where the track was practically straight. While they didn't see the wreck, they saw where the flanges of the wheels had marked the track.

While several grounds for a new trial were relied on in the court below, we are asked to reverse the judgment on the sole ground that the verdict is flagrantly against the evidence. In this connection it is insisted that the physical facts, as testified to by several witnesses, completely overcame the effect of plaintiff's testimony to the effect that the accident happened at a curve.

While it is true that the evidence on this phase of the case preponderates in favor of the defendant, it is not true that plaintiff is the only witness who states that the wreck occurred on a curve. William Star corroborates plaintiff in this statement. Under our system of jurisprudence, the juries are the triers of the facts. The mere fact that their finding is not supported by the weight of the evidence affords no ground for disturbing the verdict. It is only where the verdict is palpably or flagrantly against the evidence that this court will interfere. L. & N. R. R. Co. v. Price's Admr., 25 Ky. L. R., 1034. After carefully considering the evidence, we cannot say that such a case is presented.

Judgment affirmed.