## Kelley v. J. R. Rice Realty Company.

(Decided June 6, 1930.)

644

R. L. POPE, F. L. HUFF, G. I. RADER, J. G. FORESTER and JAS. M. GILBERT for appellant.

D. B. SMITH, E. H. JOHNSON and DANIEL BOONE SMITH for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

This action was instituted by appellee in the Harlan circuit court to recover from appellant 5 per cent. commission on the selling price of the Joe Kelley Hotel, alleged to have been sold under the following contract:

"Harlan, Ky., 3/5/28.

"I hereby authorize the J. R. Rice Realty Co., to exchange, sell, or find a purchaser for the property described on the reverse side of this card by a deed of general warranty at the price and on the same terms set forth, and agree not to name a lower price or better terms, and agree to pay said company or their agents a commission at 5 per cent. on the gross selling price. I will co-operate with you in any way that I can, also agreeing if you sell property for more than price above named I will divide such excess half and half with you in addition to your commission.

"If there is no cash involved in this deal I furthermore agree to give you six months negotiable note bearing 6% interest.

"Accepted this the 5th day of March, 1928.

"J. R. RICE REALTY COMPANY
"By J. R. RICE
"(Signed)  J. S. KELLEY, Owner.

"Witness ——————————————
"Over"

Reverse side of the card:

"This property is placed in your hands for a period of 12 months and thereafter until withdrawn in writing; and also agreeing if I should sell this property independently of you I will pay you the commission on the property herein provided. Location Main Street.

"Price: $91,000.00  Terms can be arranged, cash in hand,            balance $

"Assuming loans and liens Yes, ............................

"Description Brick Building lots block acres
            City Harlan                addition
Street

"Remarks:  All equipment and hotel except J. S. Kelley personal belongings."

At the bottom: "Over."

On the trial before a jury in the Harlan circuit court a verdict was returned in favor of appellee for $4,004.04. Before judgment was entered, defendant, who is the appellant here, filed motion for judgment notwithstanding the verdict. This motion was overruled and judgment was entered in accordance with the verdict of the jury. Appellant filed motion and grounds for a new trial. Same being overruled, this appeal is prosecuted.

Appellant insists that the J. R. Rice Realty Company has no legal entity, and although there is such a man as J. R. Rice, no actual person is given as composing the company, nor is it a partnership or corporation. Appellee filed an amended petition in which he states: "That at the time of the filing of the original petition herein and at all times mentioned therein the J. R. Rice

Realty Company was composed solely and alone of J. R. Rice, who is the entire owner of the J. R. Rice Realty Company and for whose benefit this action was brought.'' Also J. R. Rice testified in his direct examination that he was the sole owner. We are, therefore, of the opinion that this contention is without merit.

In the original petition it is alleged: ''A copy of said contract is filed herewith, and is made a part hereof marked Exhibit A for identification.'' It appears from the record that the exhibit was not filed with the petition, but was afterwards filed in response to the motion of defendant to require plaintiff to file the contract sued on. The appellant by answer denied ''that on the 5th day of March 1928 or at any other time, he entered into the written contract filed by the plaintiff herein with the J. R. Rice Realty Company, or that he authorized anybody else to make, execute or deliver said contract . . . and denies that he executed or signed or authorized any one to sign said contract.'' Appellant also traversed the material allegations of the petition.

The record discloses that J. R. Rice filed the original contract at the time he was testifying, and that the paper filed with the petition was a copy of same and never purported to be anything but a copy. The appellant while on the stand was handed the card filed as an exhibit with the petition and asked:

''Q. Is that your signature? A. No, sir, it is not.''

He was asked further:

''Q. I now hand you another card which was referred to and testified from by plaintiff in this case, Mr. J. R. Rice, which purports to have your name signed to it at the bottom . . . I will ask you if that is your signature? A. Yes, sir, that is my signature.

''Q. Who signed that? A. I signed that.''

In appellant's answer by the second paragraph it set forth: ''The defendant states that it is true that on or about the 5th day of March 1928 he did authorize J R. Rice to sell his property, a brick hotel and equipment for $85,500 cash, or part cash and the balance by terms satisfactory to this defendant if a purchaser was found acceptable to him, and that the contract period was lim-

ited to three months from said date, or until withdrawn in writing by the defendant, and that defendant expressly reserved the right to cancel said contract at any time." He further alleged that he had given the written notice to cancel, and that neither the J. R. Rice Realty Company nor J. R. Rice assisted in any way or manner to sell the property, and that the sale was made independently of plaintiff and after his authority was canceled. He further alleged that if the said J. R. Rice had sold the property, according to the terms of his agreement with him his commission would have been 5 per cent. on the contract price. The written notice referred to is as follows:

"Harlan, Ky., May 28, 1928.

"Mr. Ray Rice
　"City.

"Dear Sir:

"You claim to hold a contract to sell my property on Main Street known as the Joe Kelley Hotel, and I have asked you verbally to release me from said contract, as I had a prospective purchaser, for same and you refused to do so, so I hereby give you the 30 days required notice in accordance with the law, that this contract as between me and you is void, and this notice is sent you by registered mail this date, and is intended to make null and void any contract which you may have as to the sale of the above property.

"Yours very truly　　　　J. S. Kelley
　　　　　　　"c/o Joe Kelley Hotel"

On the reverse side:

"Executed by handing a true copy of this notice to Ray Rice.

"This 12 day of June 1928.
　　　　　　"W. F. BALL, S. H. C.
　　　　By —————— D. S."

The appellee testified that appellant signed this contract in his presence and at the time it was so signed by Mr. Kelley it contained all the writing both on the front and back; that the writing was put there in the presence of Mr. Kelley both on the front and rear of the card before he signed the contract; that Mr. Kelley read the

contract and questioned appellee about it. He further testified that he immediately began an effort to sell the hotel property; that he interested John D. Lewis in the property and carried on negotiations for the sale of the property between John D. Lewis and Mr. Kelley; that John D. Lewis did buy the property for $80,080.80.

On the other hand, Joe Kelley, the appellant, testified that at the time he signed this card there was nothing on it except the print; that Mr. Rice came running into the hotel one morning when he was busy and said: "Now I have got a trade on to sell your hotel. Tell me the least cent in cash you will take?" I said "I have to know who it is before I sign anything." He said "Dr. Wright wants to buy it." I said "$87,550.00." "He gave me his pen, I signed.". Mr. Kelley further testified that John D. Lewis' name was not mentioned in the conversation, and that when Mr. Rice asked for authority to sell the property that he, Mr. Kelley, said I will give you two or three months. Mr. Kelley further testified that, after the expiration of three months from March 5, 1928, and after he had given Mr. Rice the 30 days' notice set out above, Mr. John Middleton negotiated the sale between appellant and John D. Lewis. On cross-examination Mr. Kelley was asked:

"Q. This is your signature? A. Yes, sir, that is my signature.

"Q. I believe you stated in some of your pleadings that you reserved the right of cancellation. Take this card and look at it, the one you say you signed, and see if there is any right of cancellation or revocation on there? A. No there is nothing on there that I see.

"Q. Did you read that contract when you signed it? A. Mr. Rice when he came in asked me to give him authority to sell it, he reached me that card and I signed it. I turned it over and looked at it and seen there was nothing on it but print, I never read the print."

John D. Lewis was introduced by appellant and stated that John Middleton negotiated the sale. However, on cross-examination he was asked this question:

"Q. Who was the first person that talked to you about the sale of the Kelley Hotel property? A. Ray Rice.

"Q. How often did Ray Rice talk to you about the purchase of this hotel property through him as agent of Joe S. Kelley? A. I won't say.

"Q. Approximately how many different times? A. I just have to guess at it, three or four times.

"Q. Did you tell him the price or not? A. He told me the price Mr. Kelley was wanting for it.

"Q. At the time you bought the property from Mr. Kelley you knew Mr. Rice had this contract? A. Yes, sir.

"Q. State whether or not during the year 1928 and subsequent to March 5, 1928, the plaintiff J. R. Rice brought to you any word from his client, Mr. Kelley, about the sale of this property from time to time? A. I think probably he did."

It is earnestly insisted by appellant that this paper was not signed as required by section 468, Kentucky Statutes, which is as follows: "When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing. It will be observed that this writing was signed at the end and just below the signature of J. S. Kelley was the word "Over." The writing itself stated: "I hereby authorize the J. R. Rice Realty Company to exchange, sell, or find a purchaser for the property described on the reverse side of this card by a deed of general warranty at the price and on the terms set forth and agree not to name a lower price or better terms and agree to pay said company or their agents a commission of 5% on the gross selling price."

It is further apparent that the printed and written matter on the reverse side of the card was made a part of this contract by reference. The front of the card contained no description of the property, no gross selling price, no terms. We are therefore of the opinion that this was a signing within the meaning of Kentucky Statutes, sec. 468, and that appellant, J. S. Kelley, was bound thereby.

In the notice which Mr. Kelley executed on appellee, appellant said: "You claim to hold a contract to sell my property on Main Street known as the Joe Kelley Hotel and I have asked you verbally to release me from said contract, as I have a prospective purchaser for same and

you refused to do so, so I hereby give you the 30 days required notice in accordance with the law, that this contract as between me and you is void." It is the contention of appellee that this property was listed with him for sale for a period of twelve months, and on the other hand it is the contention of appellant that this listing was for only a period of three months and that the notice served was effective to cancel same. The appellant admits, however, signing the card, and inasmuch as there is no plea of fraud or mistake, we are of the opinion that appellant is bound by the terms of the contract. E. R. Spotswood & Son v. LaFayette-Phoenix Garage, 207 Ky. 477, 269 S. W. 514.

We are further of opinion that the trial court correctly ruled in overruling motion for a judgment notwithstanding the verdict. We have examined the instructions given in this case, and we are of opinion that the instructions given correctly presented the law of the case. We are further of opinion that the trial court did not err in the admission or rejection of evidence. We have carefully read all of the evidence in the case, and while same is conflicting, we are of the opinion that there was sufficient evidence to take this case to the jury and that the verdict of the jury is not palpably against the weight of the evidence. The rule is that this court will not reverse on the ground that the verdict is not sustained by the evidence unless it is clearly and palpably against the weight of the evidence. Williamson v. Bently, 158 Ky. 346, 164 Ky. 951; Kentucky Traction & Terminal Co. v. Roman's Guardian, 232 Ky. 285, 23 S. W. (2d) 272; Nelson v. Black Diamond Mining Co., 167 Ky. 676, 181 S. W. 341.

We are of opinion that the trial court committed no error prejudicial to the substantial rights of appellant, and the judgment is therefore affirmed.